## RANDALL v. SPRAGUE et al.

(District Court, D. Massachusetts. May 11, 1895.)

No. 601.

1. SHIPPING—DEMURRAGE—CONTRACT.

Upon the trial of a libel for demurrage, it appeared that the respondent chartered libelant's schooner to carry a cargo of coal; that he informed libelant of the amount of coal he had then on hand, of the amount he was receiving daily from the mine, and that he was "working all regular"; that, after further conversation, libelant remarked, "Then you could load the schooner by the first of next week," to which the respondent replied that it ought to be done by Wednesday, at furthest. *Held*, that there was no contract to load by a day certain, but the libelant relied on what he thought would probably be done.

2. SAME—DILIGENCE.

Where a vessel has been chartered to carry coal, without any express agreement to load by a day certain, and mining and railroad transportation have been interrupted by conditions of weather which the charterer's care and diligence could not overcome, such charterer should not be held responsible for a delay of 15 days in loading.

This was a libel by William M. Randall against Charles H. Sprague and others for demurrage.

Carver & Blodgett, for libelant.

Charles Theo. Russell, Jr., for respondents.

ALDRICH, District Judge. In this proceeding the libelant claims that one James A. Boyce, of Baltimore, acting as agent and attorney for the respondents, entered into a contract of charter party with the libelant on the 9th day of January, 1893, to load the schooner Louise H. Randall with a cargo of coal for the port of Boston, and that by the agreement of charter the said schooner was to be loaded on the 18th day of January, 1893, and that, by reason of the failure of the respondents and their agents, the schooner was not loaded until the 3d day of February, and that there was a detention of 15 days, for which it is claimed the schooner is entitled to recover six cents per ton on her coal-carrying capacity for each day of detention, amounting to $2,281.50. The libelant relies upon an oral agreement or understanding between Boyce, the agent of the respondents, and one William Beers, as agent or broker of the libelant, who was master and part owner of the schooner.

Upon careful examination of the libelant's evidence, and particularly of the testimony of Mr. Beers, Sr., it is found that the parties did not contract with reference to demurrage, or to loading on a particular day; and, the fact being so found, it follows that the libelant has not established the right of recovery upon the ground of an express agreement. According to the testimony of Mr. Beers, Mr. Boyce informed him as to the amount of coal on hand; the amount he was getting daily from the mine,—some three or four hundred tons a day,—and "that they were working all regular"; and after further conversation as to the situation, according to the testimony, Mr. Beers remarked, "Then you could load the schooner the first of next week?" and Mr. Boyce replied, 'Yes; we ought to by Wednes-

day, at the furthest," which would be the 18th. In view of the testimony of Mr. Beers, the libelant's most material witness, and all the evidence bearing upon the agreement to load, it would seem that the parties talked over the situation, and that Mr. Beers was fully informed as to the condition of affairs, and relied upon what could and would probably be done, rather than any supposed contract with reference to demurrage or a day certain.

The libelant further says that, in the event that the finding should be against him upon the question of an express contract, the agreement at least placed upon the respondents the obligation of loading with reasonable dispatch; and upon this phase of the case, in view of the interruptions to mining and railroad transportation due to the condition of the weather, which the respondents' care and diligence could not overcome, it would seem that they ought not to be held responsible under the doctrine of implied obligations, and the finding, therefore, is that they exercised reasonable diligence, and were not guilty of unreasonable delay. Libel dismissed, with costs.